# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:13-cv-00193-MR
### (CRIMINAL CASE NO. 1:09-cr-00013-MR-2)

| | |
|---|---|
| LAKEIA GARI BRIGGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Sentence under <u>Simmons</u>; Petition for Relief under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*" [Doc. 1] and the Government's Motion to Dismiss [Doc. 9].  For the reasons that follow, the Court will dismiss the petition and grant the Government's motion to dismiss.

## I.   PROCEDURAL HISTORY

Petitioner Lakeia Gari Briggs was indicted by the Grand Jury for the Western District of North Carolina on February 17, 2009, and charged with conspiracy to possess with intent to distribute crack cocaine, in violation of

21 U.S.C. §§ 841(a)(1) and 846, and using a communication facility in committing the drug-trafficking conspiracy offense, in violation of 21 U.S.C. § 843(b). [Criminal Case No. 1:09-cr-00013-MR-2, Doc. 12: Indictment]. Three months later, Petitioner entered into a plea agreement with the Government and pleaded guilty to the drug-trafficking offense. [Id., Doc. 213 at 1: Plea Agreement].

In the plea agreement, the parties stipulated that more than 50 but less than 150 grams of crack was reasonably foreseeable to Petitioner during her participation in the conspiracy. [Id. at 2]. Also in the parties' agreement, Petitioner agreed to waive her right to seek collateral review of her sentence under 28 U.S.C. § 2255 "and similar authorities," except on the bases of prosecutorial misconduct or ineffective assistance of counsel. [Id. at 5]. Before Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 34 based, in part, on Petitioner's classification as a career offender under U.S.S.G. § 4B1.1. [Id., Doc. 406 at ¶¶ 24; 26: PSR]. This offense level, combined with a criminal history category of VI, resulted in an advisory Sentencing Guidelines range of imprisonment of between 262 and 327 months in prison. [Id. at ¶ 90]. Also prior to Petitioner's sentencing hearing, the Government filed a motion for a downward departure pursuant

to Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), requesting that this Court depart downward the equivalent of three offense levels, and based thereon sentence Petitioner within a Guidelines range of 188 to 235 months in prison. [Id., Doc. 387: Motion for Downward Departure].

This Court granted the Government's motion and sentenced Petitioner to 188 months in prison, explaining that "the nature of [the] offense and [Petitioner's] participation in [the] offense, when considering the seriousness of the offense and the need to promote respect for the law and afford deterrence not just to [Petitioner] but to others," warranted a sentence at the low end of the advisory Guidelines range "as revised because of the 5K1.1 motion." [Id., Doc. 480 at 13; 15: Sentencing Tr.]. This Court entered its judgment on November 4, 2009. [Id., Doc. 414: Judgment].

Petitioner appealed, and the Fourth Circuit dismissed her appeal, entering its mandate on August 12, 2010. [Id., Docs. 429; 548; 557]. Nearly three years later, on July 11, 2013, Petitioner filed a motion to vacate her sentence under 28 U.S.C. § 2255, or, alternatively, seeking relief under 28 U.S.C. § 2241 or the writs of error *coram nobis* and *audita querela*. Petitioner argues that her sentence was improperly enhanced based on her career-offender status because she had only one prior conviction for an offense punishable by more than one year in prison, as established by the Fourth

Circuit's *en banc* decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).

On June 17, 2014, the Government moved to hold this matter in abeyance pending the rehearing *en banc* in Whiteside v. United States, No. 13-7152, by the Court of Appeals for the Fourth Circuit. [Doc. 5]. The Court granted the Government's motion on June 19, 2014. [Doc. 6]. Following the *en banc* decision in Whiteside, the Government filed a motion to dismiss the Petitioner's motion to vacate and alternative petitions. [Doc. 9].

## II.    STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period

for the filing of a motion to vacate.  The limitation period runs from the latest

of:

> (1) the date on which the judgment of conviction
> becomes final;
>
> (2) the date on which the impediment to making a
> motion created by governmental action in violation of
> the Constitution or laws of the United States is
> removed, if the movant was prevented from making
> a motion by such governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has
> been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral
> review; or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's judgment became final when her time for filing a

petition for writ of certiorari expired, or 90 days after the Fourth Circuit

dismissed Petitioner's appeal.  See Clay v. United States, 537 U.S. 522, 525

(2003).  Because Petitioner did not file the instant § 2255 petition within a

year of when her conviction became final, the petition is untimely under §

2255(f)(1), and none of the other subsections of Section 2255(f) apply to

render the petition timely.

Petitioner contends that the petition is timely under § 2255(f)(4) because it was filed within one year of when she discovered that <u>Simmons</u> was available to her. Petitioner's argument fails for at least two reasons. First, the Fourth Circuit Court of Appeals has held that the <u>Simmons</u> decision does not constitute a new "fact" under § 2254(f)(4). <u>See</u> <u>Whiteside v. United States</u>, 775 F.3d 180, 183-87 (4th Cir. 2014) (*en banc*). Second, Petitioner's motion was filed nearly two years after the decision in <u>Simmons</u>, and thus, even if the <u>Simmons</u> decision could qualify as a new "fact" under § 2255(f)(4) – which it clearly does not -- Petitioner's motion would not be timely under this provision.

Finally, Petitioner asserts that the change in law recognized by <u>Simmons</u> entitles her to equitable tolling, but the Fourth Circuit has, again in <u>Whiteside</u>, rejected this identical argument. <u>See</u> <u>id.</u> at 185 ("Although <u>Simmons</u> plainly made a collateral attack on [the petitioner's] sentence more plausible, nothing prevented [the petitioner] from filing his petition within the one-year statute of limitations."). For all of these reasons, the Court concludes that Petitioner's § 2255 motion is time-barred and Petitioner is not entitled to equitable tolling.

Petitioner also seeks alternative relief under § 2241. While the savings clause of § 2255 permits relief under § 2241 where § 2255 is inadequate or

ineffective to test the legality of a petitioner's detention, it is not available to remedy the miscalculation of an advisory guideline range. See Gilbert v. United States, 640 F.3d 1293, 1323-24 (11th Cir. 2011). The fact that a petitioner's initial § 2255 motion is dismissed as untimely also does not render that remedy ineffective. See In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, Petitioner is not entitled to alternative relief under § 2241.

Finally, Petitioner seeks relief through a writ of error *coram nobis* or a writ of *audita querela*. *Coram nobis* relief is only available, however, when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate'" (quoting United States v. Smith, 331 U.S. 475 n.4 (1947))). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable. Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992), and in this case, Petitioner's claim does not fall within such a gap. Instead, Petitioner's claim simply fails because it is untimely. Even if Petitioner's claim had been timely

presented, it merely presents an ordinary Guidelines-error claim, which is adequately addressed by other federal post-conviction remedies.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's Simmons claim is subject to dismissal because she waived the right to bring this challenge in her plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in her motion that her plea was either unknowing or involuntary, nor could she, as the Rule 11 colloquy establishes that she pled guilty understanding the charge to which she was pleading guilty as well as the consequences of her plea, including her waiver of her right to challenge her sentence in a post-conviction proceeding. Her petition does not present either a claim of ineffective assistance of counsel or a claim

of prosecutorial misconduct. Accordingly, neither of the exceptions to her waiver applies, and the petition would be subject to dismissal even if it were not time-barred.

For the reasons stated herein, the petition will be dismissed. Furthermore, Petitioner is not entitled to alternative relief under § 2241, or under the writs of error *coram nobis* or *audita querela*.

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition. Furthermore, Petitioner is not entitled to alternative relief under § 2241, or under the writs of error *coram nobis* or *audita querela*.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that her Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability.

See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.  The Court's prior order staying this action pending resolution of Whiteside is hereby lifted;

2.  The Government's Motion to Dismiss [Doc. 9] is **GRANTED**;

3.  The Petitioner's Motion to Vacate Conviction and Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**;

4.  The Petitioner's Alternative Petitions [Doc. 1] are also **DENIED**; and

5.  The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge