IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:09-cr-00013-MR-WCM-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LAKEIA GARI BRIGGS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 946]. The Government, through counsel, consents to the requested relief.

In May 2009, the Defendant pled guilty to one count of conspiracy to possess with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a), 846. At sentencing in October 2009, the Court accepted the parties' stipulation that the offense involved at least 50 grams but less than 150 grams of cocaine base, a quantity that triggered the enhanced penalties of § 841(b)(1)(A). [See PSR at ¶¶ 3, 18]. Based on that finding, the Defendant faced a statutory minimum sentence of ten years, a statutory maximum of life, and a minimum of five years of supervised release.

[Id. at ¶¶ 89, 92]. The Court calculated a guidelines range of 262 to 327 months under the career-offender guideline. [Id. at ¶¶ 24, 90]. The Court then departed downward to a sentence of 188 months and imposed the required five-year term of supervised release. [See Doc. 414: Judgment at 2-3].

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372),

2

that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because she was convicted of a "covered offense" under Section 404(a)'s definition. Her offense was committed before August 3, 2010; she was subjected to the enhanced statutory penalties under § 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." Because the Defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accordance with § 841(b)(1)(B)'s statutory penalties, which provide a mandatory minimum term of five years' incarceration and a forty-year maximum term, along with a four-year minimum term of supervised release.

Applying the Sentencing Guidelines as they existed at the time of the Defendant's sentencing, but modifying any calculation of the offense level as though Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time that the Defendant committed the offense, reduces the Defendant's total offense level from 34 to 31. U.S.S.G. § 4B1.1(b), (c). Based thereon,

3

her Guidelines range is reduced from 262-337 months to 188-235 months. See U.S.S.G. § 5A (sentencing table for offense level 31 and criminal history category VI). This Court previously departed downward the equivalent of three offense levels and imposed a sentence of 188 months, the low end of the modified sentencing range after the departure. The low end of the sentencing range three offense levels below the now-lowered Guidelines range under the First Step Act would yield a sentence of 140 months.[1]

The Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Finally, the Court notes that the Supplemental Presentence Report indicates that the Defendant has received only a few minor disciplinary actions while in custody. [See Doc. 947: Supp. PSR at 2-3]. The Defendant, however, has also successfully completed numerous educational programs

---

[1] It remains an open question as to whether the Defendant may have her sentence reduced proportionately based on a percentage reduction below the low end of the Guidelines range per U.S.S.G. §1B1.10(b)(2)(B) cmt. n.3, or reduced proportionately by reference to a revised computation of a sentencing range three offense levels below the Defendant's revised total offense level per Section 404(b) of the First Step Act. In this instance, there is no material difference between these two calculations. Therefore, without deciding the issue, the Court allows the reduction as set forth herein.

and work assignments. With good time earned, she currently has a total of 137 months of BOP credited time. [Id.].

For all these reasons, the Court concludes that the Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court, in its discretion reduces the Defendant's sentence to a period of time served plus ten (10) days. The Defendant's term of supervised release shall be reduced to a period of four (4) years.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 946] is **GRANTED**, and the Defendant's sentence is hereby reduced to Time Served plus ten (10) days and the term of supervised release is hereby reduced to four (4) years. All other terms and conditions of the Defendant's Judgment [Doc. 414] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: June 7, 2019

Martin Reidinger
United States District Judge